VICTOR S. THOMAS, Appellant, *vs.* THE STATE OF DELAWARE, Appellee.

(*January* 9, 1928.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*William S. Hilles* for appellant.

*Charles C. Keedy* for the State.

Superior Court for New Castle County, November Term, 1927.

No. 19, January Term, 1927.

RICE, J., delivering the opinion of the Court:

This is an appeal by Victor S. Thomas from a judgment entered against him by a Justice of the Peace of this County, in favor of "the State of Delaware."

In the agreed statement of facts, it appears that Victor S. Thomas, the appellant, during the year 1923, was a taxable with-

in the meaning of the State Income Tax Law, and was required to, and did, file his annual return for the year 1923 with the Tax Department on or before March 15, 1924. He also paid the tax as shown to be due by the return as filed. On or about February 16, 1926, an examination by the Tax Department indicated a deficiency in the tax as reported by the taxable, and on February 16, 1926, that Department, by letter, gave notice to the taxable of the additional tax in dispute, which notice was for the purpose of giving the taxable an opportunity within 30 days thereafter to confer with the Tax Department as to the proposed assessment. That the time for the appellant to confer with the Tax Department expired not later than March 18, 1926. That the taxable on February 18, 1926, sent a communication to the Tax Department, but did not otherwise confer with it on or before that date, and on March 25, 1926, the Tax Department notified the taxable of the additional amount of tax assessed by it against the appellant. The validity of this assessment is the question to be determined in this case.

*Section* 24, *chapter* 9, *of volume* 32, *Laws of Delaware*, provides:

"If the Tax Department discovers from the examination of the return or otherwise that the income, or invested capital, of any taxable, or any portion thereof, has not been assessed, it may, at any time within two years after the time when the return was due, assess the same and give notice to the taxable of such assessment, and such taxable shall thereupon have an opportunity, within thirty days, to confer with the Tax Department as to the proposed assessment. The limitation of two years to the assessment of such tax shall not apply to the assessment of additional taxes upon fraudulent returns. After the expiration of thirty days from the notification, the Tax Department shall assess the income, or invested capital, of such taxable or any portion thereof which it believes has not heretofore been assessed and shall give notice to the taxable so assessed of the amount of the tax and interest and penalties, if any, and the amount thereof shall be due and payable within ten days from the date of such notice. The provisions of this act with respect to revision and appeal shall apply to a tax so assessed. No additional tax amounting to less than one dollar shall be assessed."

Counsel for the appellant argues that under the provisions of *section* 24, the assessment must be made and the tax finally determined within 2 years from the date when the return was due.

Counsel for the state contends that under *section* 24, there are two assessments: One, a proposed assessment within 2 years of the time when the return was due, of which the taxable is

notified for the purpose of giving the taxable an opportunity to confer with the Tax Department within 30 days; two, a final assessment, after the expiration ·of the 30 days' notification, from which the tax due is determined, followed by a notice to the taxable of the amount of the tax and interest and penalties.

We are unable to agree with the appellant's construction of *section* 24. The language of that section is not ambiguous or uncertain, but to the contrary it appears to be reasonably clear and certain in its meaning. It seems to say what it means, viz. ·

If the Tax Department discovers from an examination of the return or otherwise that the income or invested capital of the taxable has not been fully assessed against him, it may, at any time within 2 years after the time when the return was due, assess the same and give notice to the taxable of such assessment.

The taxable then has the right within 30 days to confer with the Tax Department concerning this proposed assessment. After the expiration of 30 days from the notification, the Tax Department shall then assess the income or invested capital of such taxable or any portion thereof which it believes has not heretofore been assessed and shall give notice to the taxable of the amount of the tax and interest and penalties.

It appears to be quite clear from the language used that the 2 years' limitation is upon the assessment of which 30 days' notice is required to be given to the taxable, and not upon the assessment as finally ascertained and from which the amount of tax is determined. The Section does not say that the assessment as finally ascertained and made shall be within 2 years after the time when the return was due or that all of the 30 days' notice shall come within the period of 2 years.

The provisions of *section* 24 in this respect are met when the Tax Department discovers that any portion of the income or invested capital has not been assessed, and within 2 years after the time when the return was due, assesses the same and gives notice to the taxable ·of such assessment. In the present case it is admitted that this was done by the Tax Department and it appears from the agreed statement of facts that the Tax Department fol-

lowing the 30 days' notification, finally assessed that portion of the income or invested capital which it believed had not been before assessed and notified the taxable of the amount of tax due.

For the reasons stated and in accordance with the agreement filed if the verdict should be against the appellant, it is directed that judgment shall be entered in favor of the State of Delaware and against Victor S. Thomas for the principal sum of $301.22, together with interest at the rate of 1 per cent. per month thereon from the date when the same became due and payable, together with 6 cents costs, besides the costs of the suit.